UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND; TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND; and CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>       Petitioners,<br><br>    -v.-<br><br>ROBERT S. INTERIORS, INC.,<br><br>       Respondent. | 22 Civ. 10419 (JHR)<br><br>OPINION AND ORDER |

JENNIFER H. REARDEN, District Judge:

  The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds," and the trustees thereof, the "Trustees of the ERISA Funds"); the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund," and the trustees thereof, the "Trustees of the Charity Fund"); and the Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," and, together with the Trustees of the Funds and the Trustees of the Charity Fund, the "Funds," or "Petitioners") move to confirm an arbitration award (the "Award") against Robert S. Interiors, Inc. ("Respondent") pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185.  In addition, Petitioners seek to recover attorneys' fees and costs incurred in bringing this action. Respondent did not appear at the underlying arbitration hearing, has not responded to the instant

Petition, and has not otherwise appeared before this Court. For the reasons set forth below, the Court confirms the Award, with a reduction in Petitioners' request for attorneys' fees.

## I.    BACKGROUND[1]

### A. Factual Background

The Trustees of the ERISA Funds are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with [the Employee Retirement Income Security Act]." Pet. ¶ 4. The Trustees of the Charity Fund are trustees of "a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3)." *Id.* ¶ 5. CCA Metro is "a New York not-for-profit corporation." *Id.* ¶ 6. Respondent is a "business corporation incorporated under the laws of the State of New York." Pet. ¶ 7. Respondent is also "an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5)" and "an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142." *Id.*

At all times relevant to the instant Petition, "Respondent was a member of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc." *Id.* ¶ 8. As a member of the association, Respondent agreed to be bound to a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters (the "Union"). *Id.* ¶ 9; *see id.* Ex. B (CBA). "The CBA requires Respondent to make contributions to the Funds for all work [performed by Respondent's employees] within the trade and geographical jurisdiction of the Union." Pet. ¶ 10. Under the CBA, Respondent is also bound to the Revised Statement of

---

[1] The uncontested facts set forth in this section are drawn from the Petition (Pet.), *see* ECF No. 1, and supporting evidence, including the Award, *see id.* Ex. I; the Collective Bargaining Agreement (CBA), *see* Pet. Ex. B; the Revised Statement of Policy for Collection of Employer Contributions (Collection Policy), *see* Pet. Ex. G; the Notice of Arbitration Hearing (Notice of Hearing), *see* Pet. Ex. H; and the time records of Petitioners' counsel (V&A Bill), *see* Pet. Ex. K.

Policy for Collection of Employer Contributions (the "Collection Policy"). *See id.* Ex. G (Collection Policy). The CBA and the Collection Policy both require Respondent "to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions." Pet. ¶ 13.

The Collection Policy further provides that, "[i]n the event that . . . Respondent[] fails to comply with an audit, the Funds are entitled to 'determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period," and that such a determination "shall constitute presumptive evidence of delinquency." *Id.* ¶ 14 (quoting Collection Policy § IV ¶ 12). The CBA and the Collection Policy "provide for the resolution of disputes via arbitration." *Id.* ¶ 15; *see* CBA Art. XVII § 11 ("Should any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ."); Collection Policy § VI ¶ 1 ("[L]egal action to collect delinquencies shall generally be in the form of arbitration.").

In any such arbitration to collect delinquencies, "the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs." CBA Art. XVII § 10(a). Specifically, "the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred by

3

the Funds for all time spent in collection efforts." Pet. ¶ 16; *see* CBA Art. XVII § 10(a)-(b). Finally, the CBA provides that, "[u]pon the confirmation of the arbitrator's award, or on appeal there from, the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorneys' fees." CBA Art. XIII § 3(e).

"Pursuant to the CBA and Collection Policy, the Funds attempted to conduct an audit of Respondent. . . ." Pet. ¶ 17. However, "Respondent failed to cooperate with the auditors and did not produce all records requested for purposes of completing the Audit." *Id*. ¶¶ 17-18. "Pursuant to the Collection Policy, the Funds used the information and documents available to determine the estimated amount of Respondent's delinquent contributions in the principal amount of $748,421.36," *id.* ¶ 19, and "initiated arbitration of the dispute" before arbitrator Daniel Engelstein (the "Arbitrator"), *id.* ¶ 20. On August 26, 2022, the Arbitrator issued a Notice of Arbitration Hearing to the parties, setting a hearing date of September 20, 2022. *See id.* Ex. H (Notice of Hearing) at 1.

At the September 20, 2022 hearing, Respondent "did not appear; nor did it request an adjournment or extension of time to appear." Pet. Ex. I (Award) at 2. "As a result, the [Arbitrator] found [Respondent] to be in default and proceeded to hear evidence on the merits." *Id.* Following the hearing, the Arbitrator issued the Award "granting in full the relief requested by" Petitioners. *Id.* at 3-4; *see* Pet. ¶¶ 21-22. To wit, the Arbitrator "found Respondent violated the CBA when it failed to submit to an audit and remit all required contributions to the Funds[.]" Pet. ¶ 22. The Arbitrator ordered Respondent to make available its books and records for an audit within thirty (30) days, and to pay Petitioners the sum of $950,636.10, consisting of: (1) the estimated principal deficiency of $748,421.36; (2) interest of $50,030.47; (3) liquidated damages of $149,684.27; (4) attorneys' fees of $1,500; and (8) arbitrator's fees of $1,000." *Id.*; *see* Award at 3. In addition,

the Arbitrator directed that, "[i]f the payments due are not made within . . . ten business days, the Award shall be deemed to include interest at the [ ] rate of 6.75% on any unpaid balance." Award at 3. The Arbitrator further directed that, "should [Petitioners] be forced to file an action to enforce the Award, [ ] the court filing fee of $402 would be additionally due and owing." Pet. ¶ 22; *see* Award at 4.

On September 29, 2022, Respondent "was served via certified mail with a letter demanding payment and compliance with the Award." Pet. ¶ 24; *see id.* Ex. J (Demand Ltr.). To date, "Respondent has failed to comply with the Award." Pet. ¶ 25.

### B. Procedural Background

Petitioners initiated this action by filing a Petition to Confirm the Award, *see* Pet., and memorandum of law in support, *see* ECF No. 5 (Mem.). Petitioners request that the Court (i) "[c]onfirm the Award in all respects;" (ii) "[a]ward judgment in favor of the Petitioners . . . . in the amount of $950,636.10, plus interest thereon at 6.75% from September 22, 2022 through date of judgment;" (iii) award Petitioners "$1,595 in attorneys' fees and $77 in costs" incurred in connection with the instant action; and (iv) "[a]ward post-judgment interest at the statutory rate." Pet. ¶ 37. Respondent was served with the Petition on December 12, 2022. *See* ECF No. 7. On February 21, 2023, Petitioners filed a letter "request[ing] that the petition be reviewed as a motion to confirm the arbitration award and be deemed unopposed." ECF No. 8. On June 26, 2024, Petitioners filed a letter "request[ing] that the petition be reviewed as an unopposed motion for summary judgment."[2] ECF No. 9.

---

[2] This case was originally assigned to the Honorable Paul G. Gardephe. In 2023, it was reassigned to this Court.

5

To date, Respondent has not appeared in the case or responded to Petitioners' motion. Thus, the unopposed Petition is ripe for the Court's consideration.

## II.  LEGAL STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  "A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012)).  "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  "Because the LMRA 'embodies a clear preference for the private resolution of labor disputes,' judicial review of arbitral awards in this context is 'among the most deferential in the law.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Blue Moon Health Mgmt. LLC*, No. 22 Civ. 1807 (KPF), 2022 WL 16578119, at *3 (S.D.N.Y. Oct. 31, 2022) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532, 536 (2d Cir. 2016)).

"Confirmation of an arbitration award is thus generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Id.* at *3 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). "The Court's task is not to reconsider the merits of the dispute; after all, the parties bargained for the arbitrator's view of the facts and the law." *Id.* (citing *Nat'l Football League Mgmt. Council*, 820 F.3d at 536). "Instead, [the court's] task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League Mgmt. Council*, 820 F.3d at 537 (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

In cases such as this, where the "petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record . . . as akin to a motion for summary judgment.'" *Treasury Two Tr. v. Teras BreakBulk Ocean Navigation Enter. LLC*, No. 20 Civ. 4089 (GHW), 2020 WL 4937468, at *2 (S.D.N.Y. Aug. 24, 2020) (quoting *D.H. Blair & Co.*, 462 F.3d at 109). "Under the familiar summary judgment standard, a 'court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 56(a)).

"However, 'even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.'" *Mason Tenders Dist. Council of Greater N.Y. & Long Island v. Adalex Grp., Inc.*, No. 13 Civ. 764 (PAE), 2013 WL 5322371, at *3 (S.D.N.Y. Sept. 23, 2013) (alterations omitted) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)); *see Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of

failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). Similarly, on an unopposed motion for confirmation of an arbitration award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Adalex Grp., Inc.*, 2013 WL 5322371, at *3 (quoting *D.H Blair & Co.*, 462 F.3d at 110).

### III.  DISCUSSION

#### A.  Confirmation of Award

Petitioners have met their burden "to show that no genuine factual dispute exists." *Vt. Teddy Bear Co.*, 373 F.3d at 244. As an initial matter, "Petitioners have presented undisputed evidence that arbitration was appropriate in this case." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL 6952345, at *3 (S.D.N.Y. Nov. 28, 2016). The CBA provides, in relevant part, that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute." CBA Art. XVII § 11; *see also* Collection Policy § VI ¶ 1 ("legal action to collect delinquencies shall generally be in the form of arbitration"). The dispute here arose when Petitioners "attempted to conduct an audit of Respondent" pursuant to the CBA and the Collection Policy, and "Respondent failed to cooperate with the auditors and did not produce all records requested." Pet. ¶¶ 17, 18. Petitioners therefore "determine[d] the estimated amount of [Respondent's] delinquent contributions, . . . . constitut[ing] presumptive evidence of delinquency." Collection

Policy § IV ¶ 12; *see* Pet. ¶ 19 ("Pursuant to the Collection Policy, the Funds used the information and documents available to determine the estimated amount of Respondent's delinquent contributions . . . ."). Thus, "[t]his dispute is plainly within the scope of the [CBA and the Collection Policy's] arbitration provision." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see, e.g.*, *Treasury Two Tr.*, 2020 WL 4937468, at *2 (confirming arbitration award upon finding, *inter alia*, that the arbitration provision in the parties' contract constituted "undisputed evidence that the parties consented to arbitration for any dispute that might arise out of or in connection with their contract").

Moreover, "there is no dispute that the arbitrator acted within the scope of his authority." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3. The CBA provides that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the [Petitioners'] submission] and to fashion an appropriate remedy including, but not limited to, monetary damages." CBA art. XVII, § 11(a). It further states that, "[i]n the event that [arbitration] proceedings are instituted . . . to collect delinquent contributions to [the] Funds . . . , the arbitrator shall be empowered to award [ ] interest, liquidated damages, and/or costs." *Id.* art. XVII, § 10(b). Petitioners "have submitted undisputed evidence, including a notice of the arbitration hearing and the Award itself, demonstrating that the arbitrator complied with the CBA by limiting his review to the issues raised by Petitioners—namely, Respondent's delinquent payments to the [Funds]." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* Notice of Hearing; Award at 2. Petitioners "have also submitted undisputed evidence, including the CBA and the Award, that the arbitrator's remedy was appropriate, for monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* CBA art. XVII, §§ 10(b), 11(a). The

undisputed evidence "thus establishes that the arbitrator did not exceed the scope of his authority in rendering the Award." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *Trs. of Mason Tenders Dist. Council Welfare Fund v. Sukhmany Constr., Inc.*, No. 15 Civ. 7200 (PAE), 2016 WL 3659925, at *3 (S.D.N.Y. July 1, 2016) (granting unopposed petition to confirm arbitration award after determining that "[t]he arbitrator acted within the scope of the authority granted him by the parties").

Finally, based on the Court's "severely limited" review of the undisputed evidence before it, *United Bhd. of Carpenters*, 804 F.3d at 274, the Court concludes "that the Award is proper," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Regal USA Concrete Inc.*, No. 22 Civ. 8202 (JPC), 2023 WL 8644513, at *6 (S.D.N.Y. Aug. 9, 2023). "Here there is no indication that the Arbitrator's award was procured through fraud or dishonesty or that the Arbitrator was acting in disregard of the CBA." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 465 (S.D.N.Y. 2022). "Rather, the record indicates that the Arbitrator based his award on undisputed evidence that the Funds conducted an audit in accordance with the terms of the CBA and determined that [Respondent] had been delinquent in its contributions to the [F]unds." *Id.*; *see* Award at 2-3. "The record further indicates that the Arbitrator based the amount of his award of principal, interest, liquidated damages, and various costs on relevant provisions in the [CBA and the Collection Policy] and on undisputed testimony." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 465; *see* Award at 2-3. Accordingly, the Court confirms the Award in the amount of

$950,636.10, including pre-judgment interest at a rate of 6.75 % per annum from the date of the Award through the date of judgment in this action.

### B. Attorneys' Fees and Costs

Petitioners also request $1,595 in attorneys' fees and $77 in costs arising from the instant litigation. Pet. ¶ 37. "Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award,' which section 301 of the LMRA does not provide." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Genrus Corp.*, No. 22 Civ. 4886 (JPC), 2022 WL 3536134, at *4 (S.D.N.Y. Aug. 18, 2022) (quoting *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). However, "there are two independent bases that support such an award here." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Properties Inc.*, No. 21 Civ. 7877 (KPF), 2022 WL 1125623, at *5 (S.D.N.Y. Apr. 15, 2022). "*First*, 'a contractual provision for the payment of attorneys' fees provides a basis to award them.'" *Id.* (alterations omitted) (quoting *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017)). "*Second*, a court may 'exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith.'" *Id.* (quoting *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012)).

Here, "the CBA includes a provision that allows the Funds to recover reasonable attorneys' fees and court costs upon prevailing in a confirmation action." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW),

11

2017 WL 1483369, at *5 (S.D.N.Y. Apr. 25, 2017); *see* CBA art. XIX, § 15(b) (providing that Respondent "shall pay any . . . attorneys' fees incurred by the . . . fund trustees, plus costs of litigation, which have resulted from the bringing of such court action"). "Therefore, allowing the Funds to recover reasonable attorneys' fees and costs in the current action aligns with the parties' contractual expectations." *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5 (holding that "an award of fees and costs [wa]s justified" because respondent had "enter[ed] into [a] CBA," under which "[respondent] agreed to submit to arbitration of disputes at the option of either party to the agreement").

Furthermore, Respondent has "act[ed] in bad faith." *Gen-Cap Indus., Inc.*, 2012 WL 2958265, at *5. "A finding of bad faith may be made 'when a challenger refuses to abide by an arbitrator's decision without justification.'" *Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am. v. Prime Contractors, Inc.*, No. 22 Civ. 7085 (KPF), 2023 WL 3849101, at *4 (S.D.N.Y. June 6, 2023) (alterations and citation omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (citation omitted)) (collecting cases). "Here, [Respondent] failed to participate in the arbitration proceeding, despite having been duly notified of the hearing. Following the arbitrator's decision that [Respondent] violated its obligations under the CBA, [Respondent] failed to satisfy any portion of the award and has subsequently failed to oppose the instant petition to confirm the award." *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5. "In so doing, [Respondent] has failed to offer any justification for its refusal to abide by the decision of the arbitrator," *id.*, and "[t]he Court therefore finds it

appropriate to award [Petitioners] reasonable attorneys' fees and costs," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *5 (S.D.N.Y. Aug. 30, 2018) (awarding attorneys' fees where "[respondent], in violation of the CBAs, failed to produce the requested books and records for an audit" and "also failed to respond to [petitioners'] motion for summary judgment to confirm that award"); *Prime Contractors, Inc.*, 2023 WL 3849101, at *5 (determining an award of attorneys' fees was warranted where "Respondent ha[d] not appeared, and ha[d] failed to justify its refusals to appear at the arbitration hearing or to abide by the Award").

  Having determined that an attorneys' fees award is appropriate, the Court next considers the reasonableness of the fees sought. "To determine an appropriate attorneys' fees award, the Court must assess" two factors: "the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *5. To that end, "the petitioner must submit 'contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Talico Contracting Inc.*, No. 19 Civ. 4287 (AT), 2021 WL 4429603, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *N.Y. St. Ass'n for Retarded Children, Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Counsel for Petitioners have submitted contemporaneous time records identifying the time spent and tasks performed litigating this matter. *See generally* Pet. Ex. K (V&A Bill); Pet. ¶¶ 30-36. In total, counsel billed $1,595 for 5.8 hours of work. V&A Bill at 2; Pet. ¶ 35. Specifically, counsel billed the time of (1) Maura Moosnick, an associate attorney who graduated from law school in 2021, at a rate of $275 per hour for 2.2 hours of work, *see* V&A Bill at 1-2; and (2) Matthew Vani, a law clerk who

13

graduated from law school in 2022 and was awaiting admission to the bar, at a rate of $275 per hour for 3.6 hours of work, *see id.*

Turning first to the number of hours billed, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (alterations and citation omitted). "The time records submitted by Petitioner[s]' counsel are sufficiently detailed and establish that, among other tasks, counsel drafted the petition for confirmation [and] performed research . . . ." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016); *see also generally* V&A Bill.  The Court concludes that 5.8 hours "is a reasonable number of hours worked given the description of the tasks performed." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. P&J Wood Floors, Inc.*, No. 22 Civ. 9386 (GHW), 2023 WL 2186341, at *5 (S.D.N.Y. Feb. 23, 2023) (determining that 15.6 hours spent preparing a "petition to confirm the arbitration award[,] . . . mo[tion] for summary judgment[,] . . . complaint, and all [other] relevant filings" was "reasonable"); *see also, e.g.*, *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (holding that "the 14.1 hours of work related to bringing th[e] petition" was "reasonable . . . given the description of the tasks" undertaken by counsel, including preparing petition to confirm award, motion for summary judgment, and supporting papers); *Formula 1 Builders, LLC*, 2017 WL 1483369, at *3, 5 (finding that "18.30 hours of legal work," which consisted of preparing a "petition and summons, [a] motion for summary judgment, and . . . . supporting documents," was "reasonable").

With respect to the proposed hourly rates, "[a] reasonable hourly rate is a rate 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting *Blum* v. *Stenson*, 465 U.S. 886, 895 n.11 (1984)). "It is within the Court's discretion to reduce the requested rate when the Court finds the rate unreasonable in the relevant market." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *6 (citation omitted). The Court has reviewed V&A's contemporaneous time records and compared them against the prevailing rates in the community. While the Court finds the rates requested for the work of Ms. Moosnick to be reasonable, it adjusts the rate of Mr. Vani.[3]

Beginning with Ms. Moosnick, the Court approves the requested rate of $275 per hour. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Associated Env't Servs. Ltd.*, No. 22 Civ. 08909 (ALC), 2023 WL 3477593, at *4 (S.D.N.Y. May 16, 2023) (approving rate of $275 for Ms. Moosnick as "reasonable and . . . in line with fee awards in similar cases"); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Kaja Custom Builders LLC*, No. 22 Civ. 171 (VM), 2022 WL 987667, at *2 (S.D.N.Y. Mar. 31, 2022) (same).

---

[3] Petitioners assert that "V&A billed the legal assistants' time at the rate of $120 per hour," Pet. ¶ 33, and that such work is denoted as "'AF' in the accompanying billing records," *id.* at 7 n.1. *See* Mem. at 6 ("[C]ounsel for Petitioners billed . . . the services of legal assistants at a rate of $120 per hour."). "Petitioners' contemporaneous records, however, do not reflect any work performed by legal assistants." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JFD Sales Consulting Servs. Corp.*, No. 16 Civ. 8627 (AJN), 2017 WL 11568809, at *4 n.1 (S.D.N.Y. Aug. 23, 2017); *see generally* V&A Bill. "In other words, only the hourly rates billed by V&A's [law clerk] and associate attorney are relevant in this case." *JFD Sales Consulting Servs. Corp.*, 2017 WL 11568809, at *4 n.1.

The Court declines to approve the requested rate of $275 per hour for Mr. Vani. That "hourly rate is too high for a . . . law clerk who ha[d] not yet been admitted to the bar." *P&J Wood Floors, Inc.*, 2023 WL 2186341, at *6. "Courts in this District have awarded [law clerks] performing similar work hourly rates of $225 per hour." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. 809 Sols. LLC*, No. 22 Civ. 10632 (LJL), 2023 WL 2787454, at *5 (S.D.N.Y. Apr. 5, 2023) (finding that Mr. Vani's requested hourly rate "exceed[ed] the appropriate rate for . . . [his] tenure"—a law clerk with "less than two years of experience"—and reducing his hourly rate to $225); *Regal USA Concrete Inc.*, 2023 WL 8644513, at *6 (approving rate of $225 for Mr. Vani). The Court therefore adjusts Mr. Vani's hourly rate to $225.

Petitioners also seek costs. "Courts in this Circuit will generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The $77 requested by Petitioners consists of "service fees and costs . . . . arising out of this petition," Pet. ¶¶ 36, 37. Recovery of such costs is routinely permitted. *See Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *8 ("find[ing] Petitioners' request for $77 in costs to be reasonable); *JFD Sales Consulting Servs. Corp.*, 2017 WL 11568809, at *5 (granting $70 in service costs).

Accordingly, Petitioners' request for attorneys' fees and costs is granted, but at the reduced rate of $225 per hour for Mr. Vani's work. Petitioners are therefore entitled to $1,415 in attorneys' fees and $77 in costs.

### C. Post-Judgment Interest

Finally, Petitioners seek post-judgment interest. Pet. ¶ 37(5). Pursuant to 28 U.S.C. § 1961, "[s]uch interest 'shall be allowed on any money judgment in a civil case recovered in a district court[,] at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (alterations omitted) (quoting 28 U.S.C. § 1961(a)). "'[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered,' and 'awards of post-judgment interest under § 1961 apply to actions to confirm arbitration awards.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rashel Constr. Corp.*, No. 22 CIV. 9854 (KPF), 2023 WL 3849103, at *8 (S.D.N.Y. June 6, 2023) (alterations and citations omitted); *see, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (awarding post-judgment interest in action to confirm arbitration award). Thus, the Court grants Petitioners' request for post-judgment interest.

### IV. CONCLUSION

For the foregoing reasons, the Petition to confirm the Award is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioners, consisting of (i) the arbitration award of $950,636.10, plus pre-judgment interest calculated at 6.75% per annum from September 22, 2022 through entry of this Judgment; (ii) $1,492 in attorneys' fees and costs related to bringing this action; and (iii) post-judgment interest which shall accrue at the statutory

rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: August 19, 2024
       New York, New York

                                                   JENNIFER H. REARDEN
                                                   United States District Judge